DLD-104                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1244
_____

IN RE: MATTHEW P. DEC,
                                               Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to D.C. Civ. Nos. 2:22-cv-01290, 2:23-cv-00072)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 9, 2023
Before:  JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed March 20, 2023)
_____

OPINION[*]
_____

PER CURIAM

      In September 2022, pro se petitioner Matthew P. Dec filed a civil rights lawsuit in

the United States Court for the Western District of Pennsylvania against several

defendants.  After all but one defendant had accepted or waived service, the District

Court entered an order on December 22, 2022 staying and administratively closing the

matter without prejudice pending the completion of service on all defendants.  Dec then

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed a motion on December 29, seeking to remove Butler County (the unserved party) as a defendant. He subsequently filed a new civil rights action in January 2023 against several Butler County defendants. Dec has now filed this petition for a writ of mandamus asking us to order the District Court to take action in his two cases. For the following reasons, we will deny the petition.

A writ of mandamus is a drastic remedy that is available only in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner must ordinarily have no other means to obtain the desired relief, and he must show a clear and indisputable right to issuance of the writ. See In re Sch. Asbestos Litig., 977 F.2d 764, 772 (3d Cir. 1992) (citing Will v. United States, 389 U.S. 90, 96 (1967)). To the extent that Dec argues that the District Court has failed to act promptly in the 2022 case or in his recently-filed matter, he has not demonstrated a clear and indisputable right to relief. Although docket management is generally within the District Court's discretion, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), undue delay can amount to a failure to exercise jurisdiction and thus warrant mandamus relief. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). But there has been no such delay here. Case number 2:23-cv-00072 was not docketed until January 17, 2023, while Dec's motion in 2:22-cv-01290 has only been pending since December 29, 2022. We are confident that the District Court will rule on these matters without undue delay.

Accordingly, we will deny the petition for writ of mandamus.